## THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**DERRICK JOHNSON-BEY, ADC #110079**                                              **PLAINTIFF**

v.                                  Case No. 4:20-cv-00827-KGB

**ARKANSAS DIVISION OF CORRECTION**                                              **DEFENDANTS**

### ORDER

Plaintiff Derrick Johnson-Bey is presently confined at the North Central Unit of the Arkansas Division of Correction in Calico Rock, Arkansas. On July 10, 2020, Mr. Johnson-Bey, proceeding *pro se*, filed a motion for leave to proceed *in forma pauperis* ("IFP") and a complaint against the Arkansas Department of Correction, which has been re-named the Arkansas Division of Correction; several correctional officials at the North Central Unit; Arkansas Governor Asa Hutchinson; Arkansas Attorney General Leslie Rutledge; Arkansas Secretary of State John Thurston; Mayor of Little Rock, Arkansas, Frank Scott Jr.; Pulaski County, Arkansas, Prosecuting Attorney Larry Jegley; and Speaker of the Arkansas House of Representatives Matthew Shephard (Dkt. Nos. 1, 3).

From his pleadings, it would appear that Mr. Johnson-Bey is a member of the Moorish sovereign citizen movement. As the Second Circuit Court of Appeals has described, "[t]he sovereign citizens are a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." *United States v. Ulloa*, 511 F. App'x 105, 107 n.1 (2d Cir. 2013) (per curiam); *see also Bey v. State*, 847 F.3d 559, 560–61 (7th Cir. 2017) (discussing the history of the Moorish sovereign citizens movement). The allegations in Mr. Johnson-Bey's pleadings are vague, confusing, and lack specificity. Citing extensively from the Universal Declaration of Human Rights, Mr. Johnson-Bey

maintains that he is being held in "involuntary servitude" and that he is a "political prisoner" and a "political hostage." (Dkt. No. 9, at 1).

On July 28, 2020, Mr. Johnson-Bey paid the $350.00 filing fee in full (Dkt. No. 6). On July 30, 2020, United States Magistrate Judge Beth Deere issued her Recommended Disposition, recommending that Mr. Johnson-Bey's claims be dismissed, without prejudice, for failure to state a claim upon which relief can be granted (Dkt. No. 7). On August 3, 2020, Mr. Johnson-Bey filed a second motion for leave to proceed IFP (Dkt. No. 8). On August 6, 2020, Mr. Johnson-Bey filed an objection to Judge Deere's Recommended Disposition (Dkt. No. 9). On August 14, 2020, Mr. Johnson-Bey filed a motion for service (Dkt. No. 10) and a supplement to his objection to Judge Deere's Recommended Disposition (Dkt. No. 11). On September 14, 2020 Mr. Johnson-Bey filed a motion for default judgment against all defendants, and on October 1, 2020 Mr. Johnson-Bey filed an affidavit and motion for status update (Dkt. Nos. 12, 13).

In his objection to Judge Deere's Recommended Disposition, Mr. Johnson-Bey alleges that "acts of peonage," "denationalization," "deprivation of rights," and "conspiracy against [his] rights" have been committed against him (Dkt. No. 11, at 1). He also challenges the United States' government's jurisdiction over him as a "Moorish American National" (Dkt. No. 9). The Court has carefully considered his objections and determines they are without merit. *See Flanagan v. United States*, No. 4:13-CV-2090-RWS, 2014 WL 1315230, at *6 (E.D. Mo. Mar. 28, 2014) (discussing federal jurisdiction over Moorish–Americans).

Having carefully reviewed Judge Deere's Recommended Disposition and Mr. Johnson-Bey's objection thereto, as well as having conducted a *de novo* review of the record, the Court finds no reason to alter or reject Judge Deere's conclusion. Accordingly, the Court adopts the Recommended Disposition in its entirety as this Court's findings of fact and conclusions of law

(Dkt. No. 9). The Court dismisses Mr. Johnson-Bey's complaint without prejudice. The Court denies as moot Mr. Johnson-Bey's second motion for leave to proceed IFP (Dkt. No. 8), Mr. Johnson-Bey's motion for service (Dkt. No. 10), and Mr. Johnson-Bey's motion for default judgment (Dkt. No. 12). Dismissal of this case counts as a "strike" for purposes of 28 U.S.C. § 1915(g). Finally, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an IFP appeal from this Order and accompanying Judgment would not be taken in good faith.

It is so ordered this 14th day of October, 2020.

_____
Kristine G. Baker
United States District Judge